1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9     GW GRUNDBESITZ AG,

10         Plaintiff,

11    v.

12    LEZLIE GUNN,

13         Defendant.

Case No. 2:21-cv-02074-JCM-NJK

**Order**

[Docket No. 9]

14      Pending before the Court is Defendant's motion to stay discovery pending resolution of

15 her motion to dismiss. Docket No. 9; *see also* Docket No. 7 (motion to dismiss). Plaintiff filed a

16 response in opposition. Docket No. 12. Defendant filed a reply. Docket No. 16. The motion is

17 properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the

18 motion to stay discovery is **DENIED**.

19      The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of*

20 *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide

21 for automatic or blanket stays of discovery when a potentially dispositive motion is pending."

22 *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed

23 absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175

24 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay

25 discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and

26 effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court

27 has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the

28 plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev.

2013).  The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases.  *Tradebay*, 278 F.R.D. at 602.

The Court finds that a stay of discovery is not appropriate in this case.  The Court has taken a preliminary peek at the motion to dismiss and is not convinced that it will be granted.[1]  It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery.  *See, e.g.*, *Tradebay*, 278 F.R.D. at 603.  Instead, the Court must be "convinced" that the dispositive motion will be granted.  *See, e.g.*, *id.*  "That standard is not easily met."  *Kor Media*, 294 F.R.D. at 583.  "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort."  *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original).  The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases.  *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

Accordingly, Defendant's motion to stay discovery, Docket No. 9, is **DENIED**.

IT IS SO ORDERED.

Dated: February 28, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to compel may have a different view of its merits.  *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome.  *See id.*  As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance.  Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.