UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GW GRUNDBESITZ AG,<br>    Plaintiff,<br>v.<br>LEZLIE GUNN,<br>    Defendant. | Case No. 2:21-cv-02074-CDS-NJK<br>**Order**<br>[Docket No. 23] |

Pending before the Court is the parties' stipulation to extend the discovery cut-off date by three months. Docket No. 23. The parties submit that this extension is necessary to conduct a deposition in Switzerland, which requires a six-week approval process, as well as respond to already-propounded written discovery. *Id.* at 2.

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* If the request is being made after the expiration of a subject deadline, a showing of excusable neglect is also required. *Id.* The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted.).

The Court finds that the parties have not been diligent in conducting discovery. The Court's scheduling order issued on March 16, 2022. Docket No. 19. The parties submit that no discovery was conducted until June 3, 2022, and provide no explanation for this lack of diligence. Docket No. 23 at 2. However, due to the importance of the remaining discovery and as a one-time

courtesy in the interest of having this case decided on its merits, the Court **GRANTS** the parties' request.[1]  The discovery deadlines are **EXTENDED** as follows:

- Discovery cut-off: October 31, 2022
- Dispositive motions: November 30, 2022
- Joint pre-trial order: December 30, 2022, 30 days after the resolution of dispositive motions, or further Court order.

NO FURTHER EXTENSIONS WILL BE GRANTED.

IT IS SO ORDERED.

Dated: July 1, 2022

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] To be clear, the parties should already have responded to all previously propounded written discovery.  The failure to do so demonstrates a lack of diligence.  Nonetheless, in an effort to resolve this case on its merits, the Court is allowing the continuance for the deposition in Switzerland, the parties to respond to previously propounded written discovery, and any responses from third parties.  The Court is specifically DENYING the request as to any "discovery that may be needed after Defendant files her Answer to the Complaint and is deposed."  Docket No. 23 at 3.