UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GW GRUNDBESITZ AG,<br><br>    Plaintiff,<br><br>v.<br><br>LEZLIE GUNN, et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-02074-CDS-NJK<br><br>**Order**<br><br>[Docket No. 33] |

    Pending before the Court is Defendant Lezlie Gunn's motion for protective order. Docket No. 33. Plaintiff filed a response, Docket No. 35, and Defendant filed a reply, Docket. No. 36. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

    As noted by United States Magistrate Judge Peggy A. Leen, a magistrate judge is "not the Maytag repairman of federal judges desperately hoping for something to do." *Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010). A pillar of federal litigation is that "[d]iscovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Hence, discovery disputes should be presented to the Court only as a last resort and only when the underlying dispute implicates truly significant interests. *Id.* (quoting *in re Convergent Techs. Security Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). A disagreement regarding scheduling depositions "is not the type of dispute that should ordinarily require Court intervention." *Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *5 (D. Nev. Nov. 4, 2016).

    The instant motion practice boils down to a dispute regarding deposition scheduling. The Court has been provided no good reason why this is an issue that cannot be resolved by counsel without judicial oversight. Defendant has provided numerous dates when she would be available for an in-person deposition. *See* Docket No. 36 at 6. The proffered dates would leave Plaintiff

sufficient time to propound additional discovery requests should it so desire. *See* Docket No. 35 at 11-12. Accordingly, the motion for protective order is **DENIED** without prejudice.

Counsel must engage in further conferral efforts by telephone, by video, or in person before 5:00 PM on September 8, 2022. The Court has every expectation that a compromise can be reached by counsel to resolve this dispute. In the unlikely event that is not the situation, a renewed motion for protective order must be filed by noon on September 9, 2022. Any response thereto must be filed by noon on September 12, 2022.[1] Any reply must be filed by noon on September 13, 2022.

To the extent renewed motion practice is filed, the Court reminds the parties that there is a presumption that the loser will pay the expenses of the victor. Fed. R. Civ. P. 26(c)(3). The Court will not hesitate to award such expenses if warranted by the rules. To the extent it does not appear that counsel engaged with sufficient cooperation at the meet-and-confer, the Court will also consider imposing sanctions. Local Rule IA 1-3(f)(3).[2]

IT IS SO ORDERED.

Dated: September 6, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court reminds counsel that any deadlines automatically generated by CMECF do not alter the briefing schedule being set herein. Local Rule IC 3-1(d).

[2] Counsel should not feel immunized from repercussions based on the belief that the other side is also being unreasonable. "Discovery is not designed to be a 'tit-for-tat' system." *Spurbeck v. Wyndham Destinations, Inc.*, 2021 WL 1080738, at *2 (D. Nev. Mar. 18, 2021). Each side has an independent responsibility to comply with its own obligations. *See, e.g.*, Fed. R. Civ. P. 1. The Court may consider sanctions being imposed <u>on both sides</u> if the circumstances so warrant them. *See* Local Rule IA 11-8 (the Court has wide discretion to impose "any and all appropriate sanctions").