UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GW GRUNDBESITZ AG,<br><br>    Plaintiff,<br><br>v.<br><br>LEZLIE GUNN, et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-02074-CDS-NJK<br><br>**Order**<br><br>[Docket No. 31] |

Pending before the Court is Defendant Lezlie Gunn's motion for protective order or to quash or modify Plaintiff's subpoena *duces tecum*. Docket No. 31. Plaintiff filed a response, Docket No. 37, and Defendant filed a reply, Docket. No. 39. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons more fully discussed below, Defendant's motion is **DENIED**.

**I.     BACKGROUND**

This case involves efforts by Plaintiff to enforce a foreign judgment against non-party A. Investments, LLC, of which Defendant was the sole member and representative. Docket No. 1 at 2. Plaintiff alleges that Defendant transferred substantially all of A. Investments's assets from the LLC's commercial Bank of America account to her personal Merrill Lynch account, in an attempt to "hinder, delay, or defraud Plaintiff." *Id.* at 7. The instant dispute arises from Plaintiff's efforts to subpoena Defendant's Merrill Lynch account records.

Plaintiff first tried to obtain the Merrill Lynch records via a subpoena to Merrill Lynch's parent company, Bank of America. Docket No. 37 at 3. Bank of America responded to the subpoena that it would be unable to provide the Merrill Lynch records, as it is a different legal entity. Docket No. 37-4 at 2. Plaintiff subsequently served a subpoena on Merrill Lynch. Though Defendant did not object to the Bank of America subpoena, she did file a motion to quash the Merrill Lynch subpoena. Docket No. 25. That motion was denied by this Court because the parties

1

provided neither meaningful discussion of the relevant standards nor addressed the issue of third-party standing to object to subpoenas. Docket No. 30. Defendant then filed the current motion, addressing the prior motion's defects. Docket No. 31.

## II.   STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). Relevance during discovery is broader than relevance at trial. *E.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). A party adverse to discovery may oppose it by various means, including by moving for a protective order under Federal Rule of Civil Procedure 26(c) or moving to quash a subpoena under Rule 45(d).[1] "The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). Meeting that burden requires "specific facts that support the request." *E.E.O.C. v. Caesars Ent, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## III.   ANALYSIS

Defendant submits that the subpoenaed records are privileged, that the records are not relevant to the case, and that a subpoena is an improper discovery device to obtain the records.[2] Docket No. 31 at 2, 14. The Court will address each argument in turn.

### a. Assertion of privilege

Defendant first seeks to quash the subpoena under a theory of privilege and protected privacy interests. *See Id.* at 9-10. Specifically, Defendant argues that the types of documents the

---

[1]   Subsequent references to "Rule" are references to the Federal Rules of Civil Procedure.

[2]   The parties also discuss whether Defendant has standing to challenge the non-party subpoena. The Court has noted there is a split of authority on this issue. *See, e.g.*, *Wells Fargo Bank, N.A. v. Iny*, 2014 U.S. Dist. LEXIS 62381, *3-4 (D. Nev. 2014). As Defendant cannot succeed on the merits, the Court will, without determining whether Defendant has standing to challenge the subpoena, assume she has standing for purposes of this motion.

subpoena seeks require it be quashed under Rule 45(d)(3)(A)(iii). [3] *Id.* Plaintiff counters that the Federal Rules of Civil Procedure recognize no banker-depositor privilege and that adopting Defendant's theory would stymie discovery efforts in any case involving financial transactions. Docket No. 37 at 11.

Federal Rule of Civil Procedure 45(d)(3) governs a court's power to quash or modify subpoenas. A court's "interpretation of the Federal Rules of Civil Procedure begins with the relevant rule's plain meaning." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted). Here the relevant portion of Rule 45 requires a court to quash a subpoena that "requires disclosure of privileged or other protected matter…." Fed. R. Civ. P. 45(d)(3)(A)(iii). This Court has previously analyzed whether bank records are privileged. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *3 (D. Nev. 2013). *Paws Up*, like this case, involved allegations of fraud. *Id.* at *1. The *Paws Up* plaintiff, seeking the defendant's bank records, served third-party subpoenas on multiple banks which the defendant then moved to quash. *Id*. Looking to how bank records have been treated in other contexts, this Court determined that, even though the defendant had a privacy interest in the subpoenaed bank records, the records were nonetheless not subject to any privilege. *Id.* at 3.

Here, as in *Paws* Up, the relevant subpoena was issued to a non-party bank seeking a party's bank records. The Court has not been persuaded that records from an investment-orientated bank such as Merrill Lynch should be treated differently than records from a traditional bank. Since the Merrill Lynch records are bank records not subject to any privilege, any privacy concerns can be more appropriately addressed through the entry of a stipulated protective order. *Id.* at *3-4.

---

[3] Defendant also submits that the subpoena should be quashed under Rule 45(d)(3)(B)(i). Docket No. 31 at 10. At no point does Defendant address how her personal Merrill Lynch records constitute "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). The Court need not address undeveloped arguments. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

### b. Relevance objection

Defendant also submits that the Court should quash the subpoena or issue a protective order on relevancy grounds. Docket No. 31 at 12. Defendant argues that the records are irrelevant because "[d]islcosure of the records would reveal [Defendant's] personal and private purchases and transactions…." *Id.* at 13. Additionally, Defendant submits that the subpoena is temporally overbroad, and the records are only being sought to enforce a judgment in a separate case. *Id.* at 13-14.

Plaintiff responds that the records are relevant to counter Defendant's proffered "good faith" defense, which is based on a theory that she was entitled to transfer the money. Docket No. 37 at 9. Additionally, Plaintiff submits that it is not using the subpoena as part of its collection efforts in another case because its initial subpoena for the Merrill Lynch records predated the other case's judgment, and that judgment is against an LLC that was determined to not be Defendant's alter ego. *Id.* at 12.

Rule 26(b) allows for the discovery of any relevant evidence. Relevance during discovery is broader than relevance at trial. *See AMG Services, Inc.*, 291 F.R.D. at 552. "[T]he scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Paws Up*, 2019 WL 6184940, *4. "District courts enjoy wide discretion in deciding relevancy for discovery purposes." *V5*, 334 F.R.D. at 309 (internal citations omitted).

"This is a fraudulent transfer case." Docket No. 31 at 2. Plaintiff alleges that Defendant fraudulently transferred money owed to it, Docket No. 1 at 6-7, making records of the involved accounts relevant to the claims and defenses of this case. *Iny*, 2014 U.S. Dist. LEXIS 62381, *7; *Cf. Paws Up*, 2013 WL 6184940, *4. Additionally, the subpoena is not temporally overbroad in seeking records dating from December 2015 because that was the month of this case's alleged precipitating event, the transferring of funds into the A. Investments account. Docket No. 1 at 3. The record's necessity or lack thereof for judgment collection does, therefore, not affect the outcome of the analysis.

### c. Obtaining the Merrill Lynch records via subpoena

Defendant finally submits that a subpoena is an improper means to obtain her Merrill Lynch records. Docket No. 31 at 14. She asserts that the correct method to obtain the records is for Plaintiff to propound interrogatories or deposition topics to her seeking the same information. *Id.* Plaintiff responds that the only way to establish the timeline of Defendant's conduct is to obtain the records directly from Merrill Lynch. Docket No. 37 at 11.

Absent a court order or stipulation, "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3)(A). Rule 45 requires courts to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *see also Mount Hope v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) ("[T]he burdens of complying with the subpoena are the ones that count.").

As the Federal Rules of Civil Procedure empower Plaintiff to choose how it propounds discovery, the remaining issue is whether the subpoena imposes an "undue burden." Here, Merrill Lynch has not objected to the subpoena on any grounds. *See* Docket. Therefore, the Court finds that the subpoena is a proper discovery vehicle for obtaining Defendant's Merrill Lynch records.

## IV. CONCLUSION

For the reasons discussed more fully above, Defendant's motion to quash or for protective order is **DENIED**. Docket No. 31.

IT IS SO ORDERED.

Dated: September 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge