UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GW GRUNDBESITZ AG,<br><br>　　　Plaintiff,<br><br>v.<br><br>LEZLIE GUNN, et al.,<br><br>　　　Defendants. | Case No. 2:21-cv-02074-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 42, 49] |

　　　Pending before the Court is Plaintiff's motion to extend the deadlines in the scheduling order. Docket No. 42. Defendant Lezlie Gunn filed a response, Docket No. 45, to which Plaintiff replied, Docket No. 47. Also pending before the Court is Defendant's motion for leave to file a surreply. Docket No. 49. Plaintiff filed a response, Docket No. 54, to which Defendant replied, Docket No. 56. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

　　　This case involves efforts by Plaintiff to enforce a foreign judgment against non-party A. Investments, LLC, of which Defendant was the sole member and representative. Docket No. 1 at 2. Plaintiff alleges that Defendant transferred substantially all of A. Investments's assets from the LLC's commercial Bank of America accounts to her personal Merrill Lynch account, in an attempt to "hinder, delay, or defraud Plaintiff." *Id.* at 7. The parties are once again before the Court in a dispute that is, at bottom, related to Plaintiff's efforts to obtain Defendant's Merrill Lynch account records.

　　　Plaintiff requests a sixty-day extension to the current discovery deadlines. Docket No. 42 at 13. It bases this request on the fact that it has yet to receive Defendant's subpoenaed financial records from Merrill Lynch, which it asserts are necessary to complete discovery in this case. *Id.* at 10. Plaintiff asserts that it has been diligent in its efforts to obtain these records, and would already have them if not for Defendant's litigation tactics. *Id.* Defendant submits that Plaintiff has not been diligent in attempting to obtain her records from Merrill Lynch, that the discovery

extension is actually being sought to depose two witnesses Plaintiff has known about since early on in the case, and that Plaintiff is the sole party who has obstructed discovery. Docket No. 45 at 3-7. Plaintiff replies by reasserting that it has been diligent in attempting to obtain Defendant's Merrill Lynch records. Docket No. 47 at 2-3. Additionally, it submits that it does not seek to depose two additional witnesses, and that instead, Defendant is misconstruing its notice that the two witnesses may be called at trial. *Id.* at 7 n.4.

A request to extend a deadline must be supported by a showing of good cause. Local Rule 26-3; Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015).

Plaintiff has demonstrated diligence in its attempts to obtain Defendant's Merrill Lynch records. It first attempted to subpoena the records from Merrill Lynch's parent corporation, Bank of America, on June 10, 2022. Docket No. 42 at 3. When that subpoena was unsuccessful, it directly subpoenaed Defendant's records from Merrill Lynch on July 15, 2022. *Id.* at 4. Plaintiff then fully litigated Defendant's motions for protective order. *Id.* at 4-5. The day after the Court denied Defendant's motion for protective order, Plaintiff notified Merrill Lynch that it must

---

[1] The parties spend little of their briefing actually discussing diligence, and instead focus on bickering over their interactions with Merrill Lynch and other discovery conduct not properly raised in a motion to extend discovery deadlines. A magistrate judge is "not the Maytag repairman of federal judges desperately hoping for something to do." *Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010). Nevertheless, in the space of 74 days the parties have asked the Court to resolve four discovery disputes, three of which relate to Defendant's Merrill Lynch records. *See* Docket Nos. 25, 31, 33, 42.

The Court expects the parties to fully cooperate with each other and comply with their obligations for the remaining discovery period. Failure to do so may result in the imposition of sanctions. Local Rule IA 1-3(f)(3). Counsel should not feel immunized from repercussions based on the belief that the other side is also being unreasonable. "Discovery is not designed to be a 'tit-for-tat' system." *Spurbeck v. Wyndham Destinations, Inc.*, 2021 WL 1080738, at *2 (D. Nev. Mar. 18, 2021). Each side has an independent responsibility to comply with its own obligations. *See, e.g.*, Fed. R. Civ. P. 1. The Court may consider sanctions being imposed <u>on both sides</u> if the circumstances so warrant them. *See* Local Rule IA 11-8 (the Court has wide discretion to impose "any and all appropriate sanctions").

produce Defendant's records. *Id.* at 5. After Defendant communicated with Merrill Lynch that it should not disclose her records pending the Court's resolution of her objection to the undersigned's order, Plaintiff still attempted multiple times to obtain Defendant's records from either Merrill Lynch or Defendant herself. *Id.* at 5-7. The Court finds that Plaintiff has demonstrated diligence and that, therefore, good cause exists to extend the discovery deadlines in this case.

Accordingly, Plaintiff's motion to extend deadlines is **GRANTED**.[2] Docket No. 42. The scheduling order is modified as follows:

        Discovery Cutoff:    December 30, 2022

        Dispositive Motions:  January 30, 2023

        Pretrial Order:     February 28, 2023, 30 days after resolution of the dispositive motions, or further Court order.

IT IS SO ORDERED.

Dated: October 27, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Defendant's motion for leave to file a surreply is **DENIED**. Docket No. 49. "[M]otions for leave to file a surreply are discouraged." Local Rule 7-2(b). Defendant submits that a surreply is necessary to correct assertions made by Plaintiff regarding a call between the parties on October 18, 2022. Docket No. 49 at 2. The proposed surreply discusses Merrill Lynch's position as to how the Gramm-Leach-Bliley Act affects its duties to respond to Plaintiff's subpoena. Docket No. 49-1 at 1. The surreply does not address any new assertions regarding diligence in Plaintiff's reply. Accordingly, a surreply is improper in this instance.