# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GW GRUNDBESITZ AG,<br><br>　　Plaintiff,<br><br>v.<br><br>LEZLIE GUNN, et al.,<br><br>　　Defendants. | Case No. 2:21-cv-02074-CDS-NJK<br><br>**Order**<br><br>[Docket No. 48] |

Pending before the Court is non-party Merrill Lynch, Pierce, Fenner, & Smith Incorporated's motion for protective order. Docket No. 48. Plaintiff filed a response, Docket No. 54, to which Merrill Lynch replied, Docket No. 55. Defendant Lezlie Gunn also filed a joinder to Merrill Lynch's motion. Docket No. 50. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

This case involves efforts by Plaintiff to enforce a foreign judgment against non-party A. Investments, LLC, of which Defendant was the sole member and representative. Docket No. 1 at 2. Plaintiff alleges that Defendant transferred substantially all of A. Investments's assets from the LLC's commercial Bank of America accounts to her personal Merrill Lynch account, in an attempt to "hinder, delay, or defraud Plaintiff." *Id.* at 7. The instant motion arises from Plaintiff's efforts to subpoena Defendant's Merrill Lynch account records.

Plaintiff issued a subpoena to Merrill Lynch on July 18, 2022, seeking information related to the account into which it alleged Defendant transferred the A. Investments funds. Docket No. 53 at 1. Defendant filed a motion to quash, Docket No. 25, which the Court denied without prejudice to allow the parties to address the issue of third party standing, Docket No. 30. Defendant subsequently filed a second motion to quash, addressing the issue of third party standing. Docket No. 33. The Court denied that motion on the merits. Docket No. 40. Merrill Lynch subsequently received communications from Defendant, indicating that it should not respond to Plaintiff's

subpoena pending resolution of Defendant's objections to the undersigned's order.[1] Docket No. 53 at 2. Since it received conflicting instructions from the parties, and because it is concerned about usurping the role of the Court and running afoul of its affirmative duties under the Gramm-Leach-Bliley Act ("GLBA"), Merrill Lynch filed the instant motion. Docket No. 48 at 2.

Merrill Lynch submits that it is a neutral custodian of the records, and that its motion is merely an effort to clarify its obligations to respond to Plaintiff's subpoena pending resolution of Defendant's objections to the undersigned's order. *Id.* at 1-2. Specifically, Merrill Lynch is seeking clarification as to whether the stay of compliance ordered by this Court in response to Defendant's first motion to quash is still applicable given Defendant's pending objections. *Id.* at 3. Merrill Lynch further submits that the basis for its concern is its affirmative duty under GLBA to protect non-public customer financial information from improper disclosure. *Id.* at 4. Plaintiff responds that Defendant's pending objections to the denial of a protective order does not affect Merrill Lynch's obligation to comply with the subpoena, and that GLBA is inapplicable to the present situation. Docket No. 53 at 3-5.

The Court finds that Merrill Lynch must comply with Plaintiff's subpoena despite Defendant's pending objections. "It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation." *PlayUP, Inc. v. Mintas*, __ F. Supp. 3d __, 2022 WL 10967692, *2 (D. Nev. 2022) (collecting cases) (quoting *Castelan-Gutierrez v. Bodega Latina Corp.*, 2018 WL 4050492, *1 (D. Nev. 2018). The proper way to request a stay of a magistrate judge's order is to file a motion to stay. *See, e.g.*, *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."); *accord PlayUp*, __ F. Supp. 3d. at __, 2022 WL 10967692, at *2. Absent the Court imposing a stay on the order, the undersigned's order remains

---

[1] For further discussion of the extended colloquy between Defendant, Plaintiff, and Merrill Lynch regarding whether Merrill Lynch had to respond before Defendant's objections were resolved, see Docket Nos. 42, 45, 46, 47.

effective.[2] *See* Local Rule IB 1-3. ("A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated in 28 U.S.C. § 636(b)(1)(A)."). No motion for stay has been filed or granted in this case. Accordingly, the stay imposed by the Court on Merrill Lynch's compliance was lifted when the Court denied Defendant's second motion to quash. Merrill Lynch must, therefore, comply with Plaintiff's subpoena.[3]

  The Court further finds that GLBA does not affect Merrill Lynch's duty to comply with the subpoena in this case. Merrill Lynch concedes that GLBA permits disclosure of information "in response to a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities." Docket No. 48 at 4 (quoting 15 U.S.C. § 6802(e)(8)). GLBA also permits disclosure "to respond to judicial process." 15 U.S.C. § 6802(e)(8). § 6802(e)(8) allows for disclosure of information in the context of civil discovery. *Marks v. Glob. Mortg. Grp., Inc.*, 2.18 F.R.D. 492, 496 (S.D. W. Va. 2003); *accord HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc.*, 2016 WL 6915301, *4 (D. Nev. 2016). As Merrill Lynch has been issued a properly authorized subpoena in this case, GLBA does not pose a bar to its compliance with the subpoena.[4]

---

[2] The filing of a motion to stay also does not stay a magistrate judge's order; only a court order can stay a magistrate judge's order. *PlayUp*, __ F. Supp. 3d. at __, 2022 WL 10967692, at *2 (citing *Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989)).

[3] Merrill Lynch cites two cases for the proposition that district judges can overturn a magistrate judge's order. Docket Nos. 48 at 4-5, 55 at 2-3 (citing *In re O'Keeffe*, 184 F. Supp. 3d. 1362, 1370 (S.D. Fla. 2016); *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 781198, *3 (S.D.N.Y. 2011)). A district judge's authority to overturn or alter a magistrate judge's order does not change the fact that, unless and until the district judge overturns or alters the magistrate judge's order, the magistrate judge's order is effective absent a court-ordered stay.

[4] To the extent Defendant is concerned about the disclosed information being misused, courts have found that protective orders are appropriate to govern the use of any disclosed information. *Marks*, 218 F.R.D. at 497; *Green Valley Pecos*, 2016 WL 6915301, at *4.

Accordingly, for the reasons discussed more fully above, Merrill Lynch's motion for protective order is **DENIED**. Docket No. 48. Merrill Lynch must comply with Plaintiff's subpoena by November 4, 2022.

IT IS SO ORDERED.

Dated: November 1, 2022

_____
Nancy J. Koppe
United States Magistrate Judge