UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GW Grundbesitz AG,<br><br>              Plaintiff<br><br>v.<br><br>Lezlie Gunn,<br><br>              Defendant | Case No. 2:21-cv-02074-CDS-NJK<br><br>**Order Denying Defendant's Motion for Judgment on the Pleadings, or in the Alternative, for Reconsideration**<br><br>[ECF Nos. 105, 106] |

        On May 29, 2025, I issued an order directing the parties to meet and confer, and thereafter file a proposed joint pretrial order (JPTO) so this action could proceed to trial on the issues of damages only. Order, ECF No. 102. On June 12, 2025, defendant Lezlie Gunn filed a motion for judgment on the pleadings, or in the alternative, reconsideration[1] of this court's granting summary judgment in favor of plaintiff GW Grundbesitz. *See* Mots., ECF Nos. 105, 106 (referencing Omnibus Order, ECF No. 73). Having reviewed the filings, I have determined that I do not need a response from plaintiff to resolve the pending motions. For the reasons set forth herein, the motions are denied.

I.     **Discussion**

        "Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper when, accepting all material allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Wildseed Mobile LLC v. Google LLC*, 676 F. Supp. 3d 766, 772 (N.D. Cal. 2023); *New York v. Micron Tech., Inc.*, 2009 WL 29883 (N.D. Cal. Jan. 5, 2009) (To prevail on a Rule 12(c) motion, a plaintiff must "clearly establish on the face of the pleadings that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of

---

[1] Because reconsideration was presented as an alternative argument to Gunn's motion for judgment on the pleadings, the motion is docketed twice, in accordance with the local rules. For ease, the court only refers to ECF No. 105 herein.

law." (cleaned up)). The Federal Rules of Civil Procedure is clear, however, that motions for judgment on the pleadings may not delay trial. *See* Fed. R. Civ. P. 12(c) (emphasis added).

      Gunn filed her motion for judgment on the pleadings seemingly on the issue of damages.[2] *See* ECF No. 105 at 1. But a closer look reveals the motion is, in fact, for reconsideration and therefore an attempt to relitigate her previously denied motion to dismiss, specifically on the question of punitive damages. *Compare* ECF No. 105 at 8–9 (arguing plaintiff's prayer for punitive damages lacks sufficient facts to demonstrate oppression, fraud, or malice) *with* Mot. to dismiss, ECF No. 7 at 9–10 (arguing the prayer for punitive damages lacks supporting facts demonstrating oppression, fraud, or malice). This is improper because Gunn's reconsideration is untimely. To the extent Gunn misapprehends the court's decision directing the parties to meet and confer, and thereafter file the JPTO for trial on the question of damages, I determined that plaintiff is entitled a trial on that issue. Under Nevada law, punitive damages may be awarded upon clear and convincing evidence of fraud, oppression, or malice, express or implied. *In re USA Com. Mortg. Co.*, 802 F. Supp. 2d 1147, 1169 (D. Nev. 2011). That will be plaintiff's burden at trial.

      A motion for reconsideration is not an avenue to present arguments already raised; that is, a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

---

[2] This motion was filed almost eighteen months after the court ordered Gunn to file supplemental briefing on the issue of punitive damages and/or attorney's fees. *See* Min. order, ECF No. 95. Instead of filing supplemental briefing as directed, Gunn filed a "notice of compliance," notifying the court she was standing by previous briefing she had already filed. *See* Notice, ECF No. 96.

1    As relevant here, a motion to reconsider is appropriately brought under Rule 60(b) of the
2 Federal Rules of Civil Procedure. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000).
3 That rule allows for reconsideration upon a showing of: (1) mistake, inadvertence, surprise, or
4 excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud,
5 misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or
6 discharged judgment; or (6) any other reason justifying relief from the operation of the
7 judgment. Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an
8 adequate showing of exceptional or extraordinary circumstances. *Maraziti*, 52 F.3d at 254.
9 However, a party that seeks relief under Rule 60(b)(6) typically "must demonstrate both injury
10 and circumstances beyond [their] control" that prevented them from properly pursuing their
11 case. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

12    There is no doubt that Gunn's motion for reconsideration is her attempt to reiterate
13 arguments previously raised and rejected. Further, Gunn's motion fails to meet the required
14 standard under Rule 60(b), and her attempt to explain the untimely filing is disingenuous, as
15 Gunn is sneaking her argument into a request for reconsideration of my order directing the
16 parties to meet and confer regarding the JPTO for a damages trial on May 29, 2025. ECF No. 105
17 at 10. In reality, and as explained above, she is asking for reconsideration of my decision on her
18 motion to dismiss that was entered two years ago. *See Montenegro v. Schrffenberg*, 2019 U.S. Dist.
19 LEXIS 193263, at *2 (E.D. Cal. Nov. 6, 2019) (reconsideration motion was untimely because it
20 was filed two years after judgment was entered); *Yaag v. Baker*, 2023 U.S. Dist. LEXIS 156013, at
21 *3 (D. Nev. Sept. 5, 2023) (same); *Fields v. Brazelton*, 2017 U.S. Dist. LEXIS 113345, at *3 (E.D. Cal.
22 July 20, 2017) (same).

23    Accordingly, Gunn's motion for reconsideration is denied. Likewise, Gunn's motion for
24 judgment on the pleadings is denied. A motion for judgment on the pleadings may be brought
25 "after the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P.
26

3

12(c). It is clear this motion is nothing more than an attempt to delay a trial on the issues of damages.

## Conclusion

IT IS THEREFORE ORDERED that Gunn's motion for judgment on the pleadings [ECF No. 105] and motion for reconsideration [ECF No. 106] are **DENIED**.

Dated: June 25, 2025

_____
Cristina D. Silva
United States District Judge